In re ESTATE of THOMAS A. CUNEO.

MARTHA CUNEO REED, Plaintiff Beneficiary v.
UNION PLANTERS NATIONAL BANK OF
MEMPHIS, Executor, Defendant Claimant.
—475 S.W.2d 672.

Western Section. May 25, 1971.

Certiorari Denied by Supreme Court January 17, 1972.

508

John M. Heiskell, and R. Grattan Brown, Jr., Memphis, for plaintiff; Montedonico, Gilliland, Heiskell, Davis, Canale & Glankler, Memphis, of counsel.

Roane Waring, Jr., and Marion S. Boyd, Jr., Memphis, for defendant; Waring, Walker, Cox & Lewis, and Canada, Russell & Turner, Memphis, of counsel.

MATHERNE, J. The single question presented on this appeal is whether or not executor's commission and fees to executor's attorney should be paid from the estate of Thomas A. Cuneo for services rendered by them in connection with a lawsuit styled Reed v. Robilio, Action No. 4404 filed in the District Court of the United States of America for the Western District of Tennessee.

The Probate Court of Shelby County Tennessee allowed the fees as a charge against the estate, and Martha Cuneo Reed, the sole beneficiary of the estate, appeals assigning that action as error.

As related to the present litigation the pertinent provision of the Will of Thomas A. Cuneo is Item IX thereof, which provides in part:

"The principal asset of my estate consists of an interest in the partnership of Robilio & Cuneo. I authorize my Executor to sell this interest on whatever terms and at whatever price it deems to be to the best interests of my estate; * * * "

The record reveals the testator owned a 30.66% interest in the partnership referred to. The executor worked out an arrangement whereby it sold that interest of the partnership to Albert F. Robilio, Mrs. Jennie G. Robilio, John S. Robilio, Rose Ann Robilio and Florence Rita Robilio Rodonga. The purchasers Jennie G. Robilio and Albert F. Robilio were partners in the business, owning 37.50% and 12.50% interests respectively. The sales price for the 30.66% interest of the testator was $317,000.00, of which $149,000.00 was paid in cash, and the remaining $168,000.00 was to be paid in equal annual instalments over a period of twelve years. The sale was consummated on March 30, 1960.

After the sale Martha Cuneo Reed requested the executor, Union Planters National Bank of Memphis, to file suit to set aside the sale as fraudulent because the surviving partner had materially misrepresented the true value of the partnership and had fraudulently withheld information which would reflect its true value. The executor refused to file the suit, and took the position the sale was for a fair consideration and to the best interest of the estate.

Martha Cuneo Reed, represented by the law firm of Chandler and Manire of Memphis, Tennessee, and Davis, Polk and Wardell of New York City, New York, filed a derivative action in the Federal Court under the style of Reed v. Robilio heretofore noted, wherein she alleged the executor's refusal to act, and made the executor a party defendant thereto as she very obviously had to do. This suit named the purchasers of the partnership interest as defendants and alleged the sale of the Cuneo interest in the partnership of Robilio & Cuneo was for a

grossly inadequate price because Albert Robilio, a surviving partner, had breached the fiduciary duty which a surviving partner owes to the estate of the deceased partner to disclose facts pertinent to the valuation of the deceased partner's interest. The complainant sought to have a constructive trust imposed on the Cuneo interest conveyed by the executor to the Robilios. No allegation of negligence, wrongdoing or other failure to properly perform its duties as executor was made against Union Planters National Bank, no relief was sought against the bank.

The executor, Union Planters National Bank, had employed Mr. Roane Waring, Jr. as attorney to represent it as executor. This attorney had actively engaged in the negotiations which resulted in the sale of the Cuneo interest in the partnership. When the suit was filed in Federal Court attacking that sale, Mr. Waring very properly refused to represent the bank in that litigation as be anticipated he would be called as a witness during the process of that litigation. The bank thereupon employed the firm of Canada, Russell and Turner to represent it in the Federal suit of Reed v. Robilio, which firm was represented in the main by its member Mr. Marion Boyd, Jr.

Reed v. Robilio was filed in 1961 and resulted in two appeals to the Federal Court of Appeals, 6 Cir., 376 F.2d 392; 400 F.2d 730. The final result of that litigation was adverse to the contention of Martha Cuneo Reed, the final opinion of the Court being in 273 F.Supp. 954, D.C., wherein the Court stated:

"* * * Accordingly, the Court will render its decision on the original complaint which was predicated upon

the alleged failure of the defendants to discharge the fiduciary duty owed to the deceased partner's estate.

\* \* \* \* \* \*

"Having found that the Robilios conducted themselves with good faith during the negotiations and paid a fair price for the interest of the deceased partner, the Court finds that there was no breach of fiduciary duty by the surviving partners, a finding which is dispositive of the first cause of action."

The matter was concluded in the Federal Courts in 1969, and the executor filed its petition for fees for itself and its counsel.

The Probate Judge in allowing the fees sought stated:

"The Court is of the opinion and finds that the executor, acting through its officers and employees and attorneys employed by the executor, acted in good faith at all times, that the sale was for the best interests of the estate and was valid, and that once the sale was seriously challenged, it was the duty of the executor and its attorneys to make a complete, thorough investigation of all the facts and law, and as long as they honestly believed the sale was valid and to the best interests of the estate—and the Court finds that they did so believe—to be prepared to defend and sustain the sale in whatever forum it should be attacked so long as the administration of this estate remained open and incomplete in this Court."

The Probate Judge thereupon allowed the executor a fee of $45,000.00; its regular attorney Mr. Waring $35,-

000.00; and to the attorneys defending the executor in the Federal suit a fee of $45,000.00.

We do not agree with the Probate Judge under the facts of this record. There is no showing the Probate Judge allowed Mr. Waring a fee for any services rendered which involved the Federal suit, and we affirm the amount awarded that attorney as regular attorney for the executor.

The executor argues the Federal suit had to be defended because the executor was made a party defendant; the Federal Court suit might have been amended so as to seek relief against the executor; any adjudication in the Federal suit would have been *res adjudicata* as against the executor; and it was absolutely necessary for the special attorney to expend over 1100 hours time plus repeated trips to New York City in order to see that the rights of the executor were properly protected even though the suit made no charge against it nor sought any relief from it.

We have no desire to state how pleadings should be developed in the courts of Federal jurisdiction. We would assume, however, an answer in the nature of a formal answer by the executor in the case of Reed v. Robilio was all that was necessary. We have no doubt had the complainant in that cause amended her complaint to allege wrongdoing on the part of the executor and sought relief against it, the Federal District Judge would have allowed the executor to fully answer, put on proof, cross examine, demand discovery and assert every defense known to that system. We cannot appreciate the executor's fear it would suddenly find itself liable for

great sums of money, bound by a final judgment, and barred by *res adjudicata* by a decree of the Federal District Court, with no notice of the claim against it and no opportunity to defend.

We also note with interest a rather extended colloquy between the Federal District Judge, the attorneys for the complainant and the attorney for the executor in which the judge appeared a bit at loss as to just why the executor was attempting to be so active in that lawsuit.

The executor cites Smith v. Haire (1915) 133 Tenn. 343, 181 S.W. 161; Lassiter v. Travis (1897) 98 Tenn. 330, 39 S.W. 226 and other cases to the effect it is entitled to a credit for the fees of counsel retained by it to assist it in the discharge of the duties imposed on it by law. This is sound law but not applicable here. This executor had no duty to run up unwarranted expenses because the sole beneficiary was suing some third party. Had the suit been directed at the executor a different case might be made out, or had the suit been a controversy between antagonistic beneficiaries the executor might have been in a different position.

The executor cites a host of cases from other jurisdictions wherein it is entitled to attorneys fees in successfully defending itself against attempted surcharges. This too is good law, but no one has yet sued the executor on a surcharge.

It is interesting to note the executor asserts its right to involve itself in the Federal litigation to the extent it did because a law firm in New York City, prior to the filing of the suit in Federal Court, delivered to the

executor's attorney a rough draft of a Complaint which was apparently styled for filing in the Federal Court. That instrument which the executor with great apprehension refers to as the "Threat Complaint" stated it sought relief against the executor for $500,000.00 due to the sale of the Cuneo interest in the partnership. Of course that complaint was never filed. The executor refers to it as having been "served" on its counsel when it was merely handed to him. Because of this "Threat Complaint" the executor insists it had a right to incur $45,000.00 counsel fees to protect it against that possibility.

We agree the threat of a lawsuit would cause any citizen to be apprehensive. We cannot, however, justify such a maneuver, made for the apparent purpose of bargaining by lawyers, as ground for an executor to expend $45,000.00 of another person's money. If "Threat Complaints" could have that result we fear the cost of litigation would become oppressively high.

■ We must also consider, in the light of the entire record, the fiduciary position held by the executor. An executor is held to the same degree of fidelity and diligence as required of other trustees. Phillip's Pritchard Law of Wills, 3rd Ed., Vol. 2, sec. 645, p. 164, and cases therein cited.

■ The fees, commissions and expenses to be charged by the executor against the estate must be reasonable, necessary and proper. Phillip's Pritchard Law of Wills, supra sec. 655, p. 172, and cases therein cited.

■ We hold an executor, upon taking a position against the interest of the sole beneficiary of an estate

must, on the front side of taking that position, clearly announce its course of conduct, and for whose benefit that course of conduct is being pursued. If, in litigation between that beneficiary and third parties, the executor takes a position antagonistic to the beneficiary the duty is then on the executor, at the front side of the litigation, to announce its reason for the course pursued, and to announce from whom it expects to recover its compensation and attorneys fees therefor. An executor is forbidden by its fiduciary position from taking advantage of litigation involving the beneficiary of the estate and third parties.

We further hold, as herein noted, the fact the sole beneficiary in a derivative action against third parties must name the executor as a party defendant does not give the executor a right to actively oppose the beneficiary at the cost of the estate. There must develop a real allegation against, or claim of relief from the executor before that party can justify its expenses and attorneys fees against the estate.

The executor claims the suit by the beneficiary in the Federal Court was frivolous and without any ground whatsoever. This may be true, and the beneficiary did in fact lose her lawsuit. The frivolity of the action brought by the sole beneficiary against third persons cannot be deemed a reason or basis for the executor to take advantage thereof to the detriment of the estate.

In considering the entire record we hold the executor, under the facts, cannot charge its expenses and attorneys' fees incurred in the case of Reed v. Robilio against the estate of Thomas A. Cuneo. The bank appar-

ently had the right to take the aggressive action it took in that case, but not at the expense of the estate because there is no showing the executor as such was subject to any charge or liable for any relief sought in that case.

Our opinion herein is not to be construed as holding the attorneys representing the bank in the case of Reed v. Robilio are not entitled to a fee for services rendered. We hold the bank cannot charge the estate of Thomas A. Cuneo therefor.

It results the order of the Probate Court allowing the executor to charge fees for its attorneys in the case of Reed v. Robilio in the amount of $45,000.00 is reversed. The allowance of executor's commission in the amount of $45,000.00 is also reversed and the cause is remanded to the Probate Court of Shelby County, Tennessee for a determination of the amount of commission to which the executor is entitled, with no allowance for any services purportedly rendered the estate in the case of Reed v. Robilio. The award of $35,000.00 attorney's fee to Mr. Waring, the regular attorney for the executor, is affirmed.

Cost of this appeal is adjudged against the estate of Thomas A. Cuneo. Costs in the Probate Court to be there adjudged.

Carney, P.J., and Nearn, J., concur.