In re ESTATE of Thomas A. CUNEO.

Martha Cuneo REED, Appellant,

v.

UNION PLANTERS NATIONAL BANK OF MEMPHIS, Appellee.

Court of Appeals of Tennessee, Western Section.

May 18, 1977.

Certiorari Denied by Supreme Court Dec. 12, 1977.

Thomas Wardlow Steele, Gullett, Steele, Sanford, Robinson & Merritt, Nashville, for appellant.

Roane Waring, Jr., Waring, Cox, James Sklar & Allen and Robert M. Johnson, Canada, Russell & Turner, Memphis, for appellee.

MATHERNE, Judge.

The issue on appeal is whether the executor bank has properly accounted for the estate of Thomas A. Cuneo, deceased. For the reasons hereinafter set out, we hold that the executor has not properly accounted.

## I.

The executor filed its First Partial Accounting with the Clerk of the Probate Court for the period of December 8, 1959 to November 30, 1965. Annually thereafter the executor filed eight additional partial accountings; the last, or Ninth Partial Accounting, was filed on January 29, 1974, covering the period November 30, 1972, to November 30, 1973. The clerk approved each of these accountings and recorded them. The probate court, however, did not then confirm any of these accountings. It appears from the record that they were not presented to the court for confirmation.

On April 30, 1974, the executor filed its Tenth and Final Accounting with the clerk. On June 3, 1974, the complainant, Mrs. Reed, filed her exceptions to the accountings. The executor filed two amended

accountings on September 20, 1974, and January 21, 1975. On May 30, 1975, the clerk overruled the exceptions to the accountings and ruled that the executor "has properly accounted for all assets, receipts and disbursements covering those accounting periods." Mrs. Reed filed exceptions to the clerk's report which were heard by the probate judge. On February 24, 1976, the probate judge confirmed the final accounting and all prior partial accountings, as amended, and ruled that "every dollar coming into the Estate of Thomas A. Cuneo has been accounted for and disbursed."

The exceptions to the clerk's report are, in the main, very general. The exceptor presented a certified public accountant, who failed to point out any specific error in the accountings. This witness said that he could find nothing wrong with the accountings but that he would not rely upon them. One item, interest due on $17,817.32 wrongfully paid out by the executor as litigation expenses and later refunded to the estate, was specifically before the probate judge. Other than for that one specific item, we cannot seriously fault the probate judge for approving the accountings when viewed in the light of the exceptions raised and the proof presented.

Having reviewed these accountings, we find serious error in the manner in which the executor accounted for this estate and made distribution of the assets. Based upon these accountings we also find that the complainant, Mrs. Reed, has knowingly and intentionally accepted money from the estate in excess of the amount to which she was entitled. We hold that these acts by the executor and Mrs. Reed are in direct contravention of the express intent of the testator, and, when so revealed on the face of the accountings, those accountings cannot be approved.

## II.

A proper focus on the error committed requires a review of the pertinent parts of the Last Will and Testament of Thomas A. Cuneo, deceased. Mr. Cuneo died on Sep-

tember 30, 1959. By his will he left one-half of his adjusted gross estate in the defendant, Union Planters National Bank, Trustee, under a marital deduction trust for the benefit of his wife, Zadie S. Cuneo, with full power of testamentary appointment placed in the wife. This trust authorized the payment of the income therefrom to the wife with a minimum of $700 per month regardless of how much income was earned. The trust also provided that in addition the trustee would encroach upon corpus for the "reasonable support, maintenance and welfare" of the wife and "to provide for any expenses of sickness or other emergencies." The bank was also appointed executor of the estate, without bond as trustee or executor.

Zadie S. Cuneo died on November 11, 1960, and, even though her will is not in the record, it is admitted that by her last will and testament she appointed the entire corpus of the marital trust to her daughter, Martha Cuneo Reed, the complainant herein. It is important to note that the complainant thereby acquired fee simple title to the corpus of the marital trust.

The will of Thomas A. Cuneo further provided that all debts, expenses, taxes and charges against his estate would be paid out of his general estate and should not be a charge against any legatee, devisee, or beneficiary under the will, except to reduce the amount of the residuary estate.

The net residuary estate was devised to the defendant bank as trustee for the benefit of the testator's daughter, the complainant, Martha Cuneo Reed. The daughter was to receive the income of the trust, but not less than $400 per month, until the death of the testator's widow. After the death of the widow, the daughter was to receive $1,000 per month, provided that if the trust income exceeded that amount then any excess would be added to the corpus of the trust. Full power of encroachment was vested in the trustee. The trust then provided as follows:

This trust shall terminate at the death of my daughter and any remaining assets be distributed in equal shares among her

issue, per stirpes. In the event my daughter should die without issue surviving, and with my wife surviving, the income shall be paid to my wife for and during her natural life. If, at the death of my daughter, without issue, my wife had predeceased her, the income shall be paid in equal shares to my sisters for their lifetime. If, at the death of my daughter without issue, my wife and my sisters have predeceased her, my daughter shall have the power in her last will and testament to appoint the corpus of this trust at its termination, to her estate or to any person or persons that she may designate.

It is apparent that the residuary trust did not vest in Mrs. Reed in fee. The most she could expect from that trust would be to exhaust it by receiving $1,000 per month or to devise the corpus by her last will and testament, provided that the other named contingencies did not exist at the time of her death.

The basic fault we find with the accounting and distribution as made by the executor is that it has, with the knowledge and consent of Mrs. Reed, effectively and erroneously transferred funds from the residuary trust into the marital trust, thereby vesting too large a portion of the estate in Mrs. Reed in fee, contrary to the intent of the testator. If Zadie S. Cuneo had by her will appointed the corpus of the marital trust to some other person, the issues between that person and Mrs. Reed would have been more sharply drawn. The burden of administering the estate so that each trust would be carried out according to the intent of the testator rested upon the executor-trustee named in the will. It is the duty of the courts to see that this burden is met by the executor-trustee.

With the provisions of the will in mind, whereby two distinct trusts were set up, we will now examine the accounting and point out wherein we hold that the intent of the testator has been severely negated.

### III.

The executor found the marital trust to total $215,696.26. This figure was determined as of January, 1961. The residuary trust is reported as being $73,949.94.

The executor did not separate the funds which represented the marital trust from the funds of the general estate. In its accounting, the executor allowed the marital trust interest at the rate of 6% per annum, compounded annually from November 11, 1961, through the date of its accounting for the marital trust, January 1, 1973. The funds representing the marital trust were paid, corpus and interest, to Mrs. Reed, as follows:

| | |
|---|---|
| December 31, 1968, | $ 50,000.00 |
| December 24, 1969, | 165,696.26 |
| January 15, 1970, | 28,653.73 |
| May 10, 1971, | 4,750.08 |
| January 22, 1973, | 50,000.00 |
| December 31, 1973, | 67,243.82 |
| Total | $366,343.89 |

This total amount, corpus and interest, was paid out of the general estate of Thomas A. Cuneo. We hold that the executor erred in paying, and Mrs. Reed erred in accepting, interest at 6% per annum compounded annually on the marital trust, because that resulted in overly diminishing the amount of the residuary trust. We hold, however, that Mrs. Reed was entitled to the amount earned by the marital trust during the years prior to her receipt of the corpus. The record does not reveal those earnings.

When the amount of the marital trust was determined in January 1961, the executor should have set that trust up and separated it from the general estate. The executor was, however, justified in not paying the corpus over to Mrs. Reed because she had instituted a lawsuit in the federal court to set aside the sale by the executor of the testator's interest in the partnership of Robilio & Cuneo, claiming fraud on the part of the purchasers and inadequate consideration. That lawsuit could have materially affected the amount of the marital trust.

Having left the funds of the marital trust in the general estate, the executor can charge the general estate only the rate of income actually earned by the general es-

tate in each of the years in question as applied to the funds of the marital trust. The record does not reveal the rate of income earned by the general estate during the years in question. The record does show that these earnings were considerably less than 6% per annum, compounded annually. Any payment by the executor from the general estate to the marital trust in excess of the corpus of that trust plus income earned thereon is excessive, and, in effect, wrongfully reduces the amount of the residuary trust, contrary to the express intent of the testator.

We therefore hold that the executor must make a supplementary final accounting wherein it will present the average rate of income earned by the general estate of Thomas A. Cuneo for each year from 1961 through 1973. That rate of income for each year shall be applied to the $215,696.26 marital trust fund from the last day of January 1961, when the amount of the marital trust was determined, through December 31, 1973, when the last payment of the marital trust fund was made to Mrs. Reed, compounded annually. Earnings will not be computed on each of the partial payments made to Mrs. Reed after the date of each payment. When those computations are made, thereby determining the amount that was due Mrs. Reed from the corpus and earnings of the marital trust, that amount will be subtracted from the $366,343.89 paid to Mrs. Reed. The probate court is directed to enter a judgment against Martha Cuneo Reed and the executor bank in favor of the estate of Thomas A. Cuneo for the resulting difference, plus interest.

■ The first partial accounting made by the executor shows several payments to doctors, hospital, nurses, and Mrs. Reed for the support and maintenance of Zadie S. Cuneo prior to her death on November 11, 1960, and after the death of Thomas A. Cuneo on September 30, 1959.

Zadie S. Cuneo took under the will of Thomas A. Cuneo. That will set up a marital trust and charged that trust, income and corpus, for whatever amounts were needed for the maintenance and care of Zadie S. Cuneo. We acknowledge that these payments for her support were made by the executor before the marital trust could have been set up. We do not fault the executor for making the payments out of the general estate. We do fault the executor and Mrs. Reed for failing to credit the general estate for the payments when the distribution of the marital trust was made to Mrs. Reed.

All monies spent by the executor out of the funds of the general estate for the maintenance of Zadie S. Cuneo, after the death of Thomas A. Cuneo, are chargeable to the marital trust, plus interest from the dates of payment.

We fail to find an accounting of payments due Zadie S. Cuneo of the income from the marital trust during the time that she survived her husband. If these payments were made from the general estate, they too will be included in the amounts spent for the maintenance of Zadie S. Cuneo and must be refunded to the estate of Thomas A. Cuneo.

In that the funds representing the marital trust have been paid to Mrs. Reed, all amounts found to be refundable to the general estate out of the marital trust are owed by Mrs. Reed. Judgment for those amounts, as heretofore noted, shall be entered against Mrs. Reed and the executor bank. The bank, however, will be given judgment over against Mrs. Reed for any amount it pays on the judgment.

In determining the amount due and for which judgment shall be given, interest will be figured at the rate of 6% per annum, simple interest, from December 31, 1973, the date of the last payment of the marital trust as received by Mrs. Reed. We use this date because the payments exceed the amount due at some date between December 31, 1968, date of first payment of marital trust fund, and the date of the last payment. We deem it unnecessary to require so detailed an accounting as to establish that date.

Interest will be allowed on each payment made for the support of Zadie S. Cuneo

from the last day of January, 1961, the date the marital trust was determined, at the rate of 6% per annum, simple interest. Prior to that date the executor was under no duty to set up the marital trust and make payments therefrom.

In the awards of simple interest as heretofore made, we are mindful that interest is not chargeable against an executor as a matter of course. *Turney v. Williams* (1834) 15 Tenn. 172, 213. We do not find that the executor kept the funds of the estate for its own use. We do hold, however, that the executor did breach its trust in the manner by which it overcharged the general estate by wrongful payments of interest into the marital trust and by failing to charge the marital trust with payments made for the maintenance of Zadie S. Cuneo. There having been a breach of trust, the executor is chargeable with simple interest. *Cannon v. Apperson* (1885) 82 Tenn. 553, 586. As heretofore noted, we also hold that Mrs. Reed did knowingly and intentionally accept from the general estate more than that to which she was entitled, contrary to the express intent of the testator. She also is liable for simple interest as herein set out. *Taylor v. McDaniel* (1871) 51 Tenn. 545.

Mrs. Reed argues that the executor owes her interest on the marital trust from the time the amount of the trust was determined in January 1961. In December 1961, Mrs. Reed filed a lawsuit, *Reed v. Robilio*, in federal court wherein she claimed that the sale of the testator's interest in the partnership of Robilio & Cuneo was induced by the fraud of the purchasers and for an inadequate consideration. That lawsuit was not terminated until a judgment of the district court was affirmed by the Court of Appeals on September 17, 1968, 6 Cir., 400 F.2d 730. The executor cannot be faulted for not distributing the marital trust during the pendency of that lawsuit. The first partial payment of the marital trust was made to Mrs. Reed on December 31, 1968. The probate judge did not find sufficient proof to justify interest against the executor, and we hold that the evidence does not preponderate against that conclusion. Mrs. Reed's claim for interest against the executor is accordingly denied.

In the lawsuit of *In Re Estate of Cuneo* (1971) 63 Tenn.App. 507, 475 S.W.2d 672, this Court held that the executor was not entitled to charge the estate of Thomas A. Cuneo for legal expenses it incurred in the federal lawsuit of *Reed v. Robilio.* The parties agree that the executor has refunded those expenses in the amount of $17,817.32. We hold that the executor is liable to the estate of Thomas A. Cuneo for simple interest at the rate of 6% per annum on each expenditure made for the disallowed legal expenses from the date of each expenditure to the date of refund into the estate. The probate court, on remand, is directed to enter judgment accordingly with said judgment bearing interest at 8% per annum.

### IV.

Mrs. Reed again attacks the executor fee as allowed the executor and affirmed by this Court in the unreported opinion of *Reed v. Union Planters National Bank,* filed July 6, 1973, certiorari denied November 5, 1973. That lawsuit is *res adjudicata* on the issue of the amount of executor fee allowed. Errors made by the executor in distributing assets will not deprive it of its fee when those errors are corrected as herein provided.

We agree with the probate court that there is no need for an independent audit of this estate at the cost of the executor. The supplementary final accounting herein ordered can be performed by the executor in such manner as to be reviewed by any interested party and ruled on by the probate court. The petition for an independent audit is denied.

### V.

Some discussion has been raised that the probate court has no authority to order a refund of distributions made by the executor. That argument is based upon the proposition that once a settlement has been

made according to law it cannot be attacked except by bill in equity, and the burden rests upon the party contesting the settlement. *Vaccaro v. Cicalla* (1890) 89 Tenn. 63, 14 S.W. 43; *Alvis v. Oglesby* (1889) 87 Tenn. 172, 10 S.W. 313; *Leach v. Cowan* (1911) 125 Tenn. 182, 140 S.W. 1070; *Nashville & American Trust Co. v. Baxter et al.* (Tenn.1937) 171 Tenn. 494, 105 S.W.2d 108.

In the present lawsuit we do not have a complete settlement by the executor. The nine partial accountings were never confirmed by the probate judge. The procedure for taking an accounting of an executor clearly contemplates that the accounting is not complete until it is confirmed by the court. T.C.A. §§ 30–1101 through 30–1118. The only accounting presented to the probate judge was the tenth and final accounting to which exceptions were filed as allowed by T.C.A. § 30–1108. The probate judge did confirm that accounting along with the nine partial accountings, but this appeal resulted. The accountings are therefore not final.

On this appeal, we do not give to the accountings as confirmed by the probate court in this lawsuit the status of being *prima facie* evidence in favor of the accounting party as allowed by T.C.A. § 30–1111 and T.C.A. § 24–504. Rather, we review this lawsuit on appeal under the rules announced in T.C.A. § 27–303. See *Griffith's Estate v. Griffith* (1969) 61 Tenn. App. 72, 452 S.W.2d 895.

We conclude that where a distribution has been made under a partial or final accounting which has not been confirmed by the probate judge, the probate court may, before confirming that accounting, order the distribution be refunded to the estate, with interest. To hold otherwise would totally impede the authority of the probate court to preside over the administration of estates. It would be unconscionable to allow Martha Cuneo Reed to retain these amounts wrongfully paid to her, with full knowledge on her part that, contrary to the intent of the testator, she was receiving more than that to which she was entitled.

This lawsuit is remanded to the probate court for an order directing the executor to file a supplementary final accounting covering the amounts herein found to be due the estate of Thomas A. Cuneo from the complainant, Mrs. Reed. Upon the determination of those amounts, with interest as heretofore noted, the probate court will enter judgment therefor against Martha Cuneo Reed and the executor bank, with judgment over in favor of the bank against Mrs. Reed for any amount of the judgment paid by the bank. Should Mrs. Reed unreasonably delay payment of the judgment as entered, the bank may petition the probate court for permission to pay the judgment and have judgment entered in its favor against Mrs. Reed in the amount so paid, plus interest at eight per cent.

Judgment shall be entered against the executor bank in the amount of interest found to be due on the $17,817.32 wrongfully paid for litigation expenses and refunded to the estate.

After the judgments herein ordered have been paid, the probate court may enter its order of fully administered. All assignments of error not herein covered are overruled.

The cost in this Court is adjudged onehalf against Martha Cuneo Reed and onehalf against the bank.

NEARN, J. (concurs).

QUICK, Special Judge (concurs).

## ON APPELLANT'S PETITIONS TO REHEAR

This Court filed its Opinion in this cause on May 18, 1977. On June 3, 1977 the executor filed a Petition for Instructions and prayed for an order of this Court directing it to withhold further monthly payments of $1,000 per month to the beneficiary until such time as it could be determined what amount the beneficiary owed to the estate. The amounts withheld are to be credited against the amount owing the estate by the beneficiary. Treating the Petition for Instructions as a Petition to

Rehear, this Court entered an Order on June 20, 1977, granting the relief prayed by the executor.[1]

In the meantime the appellant-beneficiary filed a Petition to Rehear on June 6, 1977, wherein she claims that this Court wrongfully exercised original jurisdiction wherein it was found that the appellant-beneficiary had knowingly received more money from the residuary trust set up in the will than that to which she was entitled.

On June 24, 1977, the appellant-beneficiary filed a Petition to Rehear the June 20, 1977 Order of this Court on the ground that this Court had no jurisdiction to entertain and act upon the Petition for Instructions filed by the executor.

There is also in the record a written instrument headed "Motion to Dismiss, or, In the Alternative for Relief." This instrument raises no question not heretofore considered by the Court or covered by the appellant's two petitions to rehear. The motion is overruled.

On July 5, 1977, the executor filed its response to the two petitions to rehear filed by the appellant-beneficiary, whereupon the clerk of this Court forwarded to the Judges the two petitions to rehear filed by the beneficiary and the executor's reply thereto.

Neither party complied with Rule 22 of this Court which reads in pertinent part as follows:

Petitions for rehearing and for other or additional findings of fact in any case must be filed within ten days after the opinion of the court is filed.

We do, however, waive that Rule for each party, and we will now consider the two petitions for rehearing filed by the appellant-beneficiary.

As pointed out in the Opinion of this Court, this review was de novo upon the record of the trial court. This Court has jurisdiction to correct any error apparent upon the face of an accounting submitted by an executor. If this Court can from the record correct the accounting, we may do so. If this Court deems it necessary to remand to the probate court for that court to correct the accounting, that course may be ordered. In the case at bar we chose the latter course. The appellant's petition to rehear, filed June 6, 1977, is overruled.

The second petition to rehear claims that this Court had no jurisdiction to enter an ex parte order allowing the executor to withhold the monthly payments otherwise due the beneficiary, pending further orders of the courts as to the amount the beneficiary has been overpaid from the estate of the deceased. The only reason the order of June 20, 1977 was entered ex parte is because the beneficiary did not for sixteen days respond to the petition filed by the executor, neither did the beneficiary seek additional time nor so much as make inquiry about the matter. The relief sought by the executor in its June 3, 1977 petition was the type relief that demanded prompt consideration by the Court. We deemed sound discretion would not permit further delay on the part of this Court, even though the beneficiary appeared to be disinterested in the matter.

Where, as here, we have found both the executor and the beneficiary liable to the estate for some amount, with judgment over in favor of the executor against the beneficiary for any amount it has to pay, it would be exceedingly strange that we could not permit the executor to withhold monthly payments otherwise due the beneficiary until the amount due the estate is determined. The argument that we have thereby thwarted the intent of the testator is rather ridiculous. In carrying out the intent of the testator, we held that the executor has overpaid the beneficiary and that

---

1. The June 20, 1977 Order of the Court of Appeals was superseded by a Memorandum Opinion filed October 11, 1977, by the Supreme Court of Tennessee wherein that Court granted Martha Cuneo Reed's Petition for Writ of Mandamus, and ordered that the $1,000 per month distribution to her by the Union Planters National Bank, Trustee, be resumed, upon her execution and delivery to the Probate Court at Memphis a good and sufficient bond making certain the repayment of the amounts so distributed, as may be legally required.

the beneficiary has knowingly accepted more money than that to which she was entitled. Until that matter is cleared up, the executor should not pay over to the beneficiary any additional amounts. The appellant's petition to rehear, filed June 24, 1977, is overruled.[1]

NEARN, J. (concurs).

QUICK, Special Judge (concurs).