IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 27, 2002

## IN RE: ESTATE OF VIVIAN K. McSWAIN

**Appeal from the Circuit Court for Davidson County**
**No. 93P-258    Frank G. Clement, Jr., Judge**

---

**No. M2001-02309-COA-R3-CV - Filed July 31, 2002**

---

Robert L. Poe, in his capacity as the executor of the Estate of Vivian K. McSwain, filed a motion to set his fee and expenses. Following a bench trial on the executor's motion, the trial court awarded the executor $20,000. The executor appeals, arguing that the award is inadequate. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, Robert L. Poe.

Larry Edmondson and Phillip Kirk, Nashville, Tennessee, for the appellees, the beneficiaries of the Estate of Vivian K. McSwain.

### OPINION

#### I.

Vivian K. McSwain passed away on February 18, 1993. Five days later, on February 23, 1993, Mr. Poe, the executor named in the testator's will, filed a petition to probate the will. The will was admitted to probate without objection.

On March 13, 2001, more than eight years after the testator's death, the executor filed a motion asking the trial court to set his fee and expenses. A hearing on the executor's motion was held on June 12, 2001. At the conclusion of the hearing, the trial court orally ruled on the motion, finding that the executor was entitled to an award of $20,000. The court went further and decreed that to the extent the executor had made payments to himself out of funds of the estate, without court approval, the estate was entitled to a judgment against him in an amount equal to all such funds in

excess of his $20,000 award. The court also awarded the estate prejudgment interest on the excess funds at the rate of 6% "accruing from 1994."

The transcript of the trial court's oral remarks were made a part of the final judgment. That judgment reflects that the estate was granted a judgment against the executor for $94,788.13 to compensate the estate for funds paid by the executor to himself without court approval in excess of the authorized payment of $20,000.

## II.

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness that we must honor "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are given no such presumption. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); ***Presley v. Bennett***, 860 S.W.2d 857, 859 (Tenn. 1993).

## III.

In ***McFarlin v. McFarlin***, 785 S.W.2d 367 (Tenn. Ct. App. 1989), this Court addressed the general law regarding personal representatives:

> The legal standards against which Mr. McFarlin's performance as executor should be measured are well understood. He occupies a fiduciary position, and must deal with the estate and each of its beneficiaries in the utmost good faith. Like any other fiduciary, he is required to exercise the same degree of diligence and caution that reasonably prudent business persons would employ in the management of their own affairs.
>
> The law favors the prompt administration of estates. Accordingly, an executor has a duty to marshal and collect the estate's assets within a reasonable time. An executor must also discharge its statutory obligations in a timely manner. Finally, an executor must distribute the estate in a timely manner and close its administration as quickly as possible.

***Id.*** at 369-70 (citations omitted).

"Executors are entitled to reasonable compensation for their services, ... and to payment from the estate for reasonable expenses incurred in good faith for the exclusive and necessary benefit of the estate." ***In re Estate of Wallace***, 829 S.W.2d 696, 700-01 (Tenn. Ct. App. 1992) (citation omitted); *see* T.C.A. § 30-2-606 (2001). These fees and expenses must be "reasonable, necessary and proper." ***In re Estate of Cuneo***, 63 Tenn. App. 507, 515, 475 S.W.2d 672, 676 (1971). The

determination of the reasonableness of fees and expenses requested by an executor is generally within the discretion of the trial court, and "must be made in light of all the relevant circumstances, including the extent of the executor's responsibilities, the nature of the services rendered, the promptness and adequacy of the services, and the value of the benefits conferred." *In re Estate of Wallace*, 829 S.W.2d at 701.

IV.

The relevant portions of the transcript of the trial court's oral remarks[1] made at the conclusion of the bench trial on June 12, 2001, are attached as an appendix to this opinion. We have reviewed the evidence before the trial court on the question of an appropriate award for the executor. We find that the evidence does not preponderate against the trial court's factual findings as set forth in its judgment. We find no abuse of discretion on the part of the trial court. Accordingly, the judgment of the trial court is affirmed. Costs on appeal are taxed against Robert L. Poe. This case is remanded to the trial court for enforcement of the judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1]The fee agreement and the trial court's findings with respect to it are not issues on this appeal.