**MESQUITE ELKS LODGE # 2404, Appellant,**

v.

**Mohammad A. SHAIKH and Rana Mohammad Shaikh, Appellees.**

**No. 05–08–01372–CV.**

Court of Appeals of Texas, Dallas.

Oct. 22, 2010.

---

**26.** 323 S.W.3d 875 (Tex.Crim.App.2010).

**27.** *Id.* at 881–82.

**28.** *See id.*

**29.** 443 U.S. at 320, 99 S.Ct. at 2789.

**30.** *Id.,* 99 S.Ct. at 2789–90.

Karen Jyllane Tracy, Mesquite, TX, for Appellant.

John M. Gillis, Dallas, TX, for Appellees.

Before Justices MORRIS, BRIDGES, and MURPHY.

## OPINION

Opinion By Justice BRIDGES.

Appellant Mesquite Elks Lodge # 2404 ("Lodge") appeals the trial court's judgment rendered in favor of appellees Mohammad A. Shaikh and Rana Mohammad Shaikh (collectively referred to as "Shaikh") on their breach of lease claim and a denial of the Lodge's counterclaim

against Shaikh for the return of its security deposit. We reverse and remand.

## Background

The Lodge entered into a commercial lease agreement with O'Campo Brothers, Ltd. to lease a location in a shopping center that had been vacant for approximately ninety days. The lease term ran from May 1, 2004 to April 30, 2005 and contained provisions for holdover rent in the event that the Lodge remained on the premises after April 30, 2005. The Lodge paid a security deposit in the amount of $4,250.00 to the O'Campo Brothers, Ltd.

In May 2005, Shaikh purchased the shopping center, subject to the pending leases, including the space leased to the Lodge. At the time of trial, Shaikh had owned and managed commercial buildings in excess of twenty years.

The Lodge contends that, along with its November 2005 rent check, it gave written notice of its intent to vacate to an agent for Shaikh. The Lodge moved out of the space at the end of December and returned its keys in January 2006. The Lodge inquired about the status of its deposit in January 2006. Shaikh denies receiving notice and claims it did not know the Lodge moved out in December. On January 30, 2006, Shaikh advised the Lodge that the damages exceeded the deposit and requested payment in the amount of $7,009.98 for the shortfall. Subsequently, the Lodge mailed a letter dated April 14, 2006, requesting an accounting and/or refund within thirty days. Shaikh responded, via fax dated April 18, 2006, by sending a copy of the January 30 letter with attached estimates. Shaikh again requested a check for the $7,009.98 shortfall after offsetting the amount of the Lodge's deposit against the damages.

On or about May 24, 2006, Shaikh filed suit for a breach of the lease and damages to the property over and above normal wear and tear. The trial court conducted a bench trial and rendered a judgment in favor of Shaikh in the amount of $23,166.00 [1] plus interest, fees, and costs. The trial court further ordered the Lodge to take nothing by its counterclaim against Shaikh. The trial court signed findings of fact and conclusions of law. This appeal ensued.

## Analysis

The Lodge raises one main issue with three subsidiary issues. In its main issue, the Lodge contends the trial court erred in its Conclusion of Law No. 4 when it found that Shaikh should recover judgment for $23,166.00 in principal damages.

Under the umbrella of its challenge to Conclusion of Law No. 4, the Lodge raises three sub-issues. We need only to address the first, since it is dispositive. In its first subsidiary issue, the Lodge argues the evidence was legally and factually insufficient to support Finding of Fact No. 8 that Shaikh "sustained damages to its property, in excess of normal wear and tear, in the amount of $27,416.00, being the reasonable and necessary cost of repairs as a result of the [the Lodge's] tenancy."

■ Since the Lodge's first subsidiary issue challenges the legal and factual sufficiency of a finding of fact, we apply the same standard to our review. That is, we review findings of fact for legal and factual sufficiency under the same standards applied on review of a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

■ In determining the legal sufficiency of the evidence, we consider all the evi-

1. This amount represents $27,416.00 less the security deposit of $4,250.00.

dence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 809 (Tex. 2005).

When considering a factual sufficiency challenge of a finding on which the appellant did not bear the burden of proof, we first examine all of the evidence, *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986), and, having considered and weighed all of the evidence, set aside the verdict only if the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony. *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.).

We first turn to the legal sufficiency raised in the Lodge's first sub-issue, whether the evidence supported the Finding of Fact No. 8 that Shaikh "sustained damages to its property, in excess of normal wear and tear, in the amount of $27,416.00, being the reasonable and necessary cost of repairs as a result of the Lodge's tenancy."

During the course of trial, the Lodge offered Exhibit 9, a copy of Shaikh's third amended response to request for disclosure and accompanying exhibit, without limitation or restriction. The accompanying exhibit was a copy of an estimate ("Binder Estimate") that itemized the cost of repairs to restore the property to its prior condition. The total cost of repairs, listed on the Binder Estimate, was $27,416.00. Exhibit 9, including the Binder Estimate, was admitted by the trial court without objection. During Mr. Shaikh's testimony at trial, he affirmed

that if all the work listed in Exhibit 9 was performed on the property at issue, the space "would be in no better condition than it was at the time that the [Lodge] started their lease." Thus, as required under the standard of review, we credit the Binder Estimate as favorable evidence and conclude it was legally sufficient to support Finding of Fact No. 8. *See City of Keller*, 168 S.W.3d at 809. We overrule appellant's first subsidiary issue as to the legal sufficiency of the evidence to support Finding of Fact No. 8.

However, we must also determine whether the evidence was factually sufficient to support Finding of Fact No. 8. When the injury to realty is reparable, the proper measure of damages is the reasonable cost of repairs necessary to restore the property to its prior condition. *Uvalde County v. Barrier*, 710 S.W.2d 740, 744 (Tex.App.-San Antonio 1986, no writ).

Among the items included in the Binder Estimate was the cost to replace three steel doors and, thus, that cost was also included in the trial court's Finding of Fact No. 8. But, during the course of his testimony, Mr. Shaikh admitted replacing the doors would actually constitute an improvement of the space, rather than bringing it back to the same condition as when it was rented to the Lodge.

Furthermore, the Binder Estimate included the cost to replace a set of Ellison doors and, thus, Finding of Fact No. 8 also included this cost. However, in its brief and written "oral" argument filed with the trial court, Shaikh conceded it was not entitled to damages for the Ellison doors, which were included in Finding of Fact No. 8.

We conclude the evidence was not factually sufficient to support Finding of Fact No. 8 since the evidence does not support a finding that Shaikh suffered damages to

its property in the amount of $27,416.00 and, therefore, the verdict is contrary to the evidence and is clearly wrong and unjust. *Cain,* 709 S.W.2d at 176. We sustain appellant's first subsidiary issue as to the factual sufficiency of the evidence.

In light of our decision to sustain appellant's first subsidiary issue as to the factual sufficiency of the evidence to support Finding of Fact No. 8, we also sustain appellant's main issue challenging Conclusion of Law No. 4 that Shaikh should recover $23,166.00 in principal damages. We cannot reverse only on unliquidated damages when, as in this case, liability is contested. Tex.R.App. P. 44.1(b); *Redman Homes, Inc. v. Ivy,* 920 S.W.2d 664, 669 (Tex.1996). Therefore, based upon our review of the Lodge's main issue and the first subsidiary issue, we reverse the judgment and remand for a new trial.