NORMAN W. FOGG *vs.* SAMUEL A. HOLBROOK, Executor.

Cumberland. Opinion June 19, 1895.

*Administrators and Executors. Burial Expenses.*

The estate of a deceased person is liable for all such reasonable expenses as are properly incurred in providing a decent burial.

The law implies a promise, from the peculiar necessities of the situation, upon the part of the executor or administrator to pay the reasonable funeral and burial expenses of the deceased, out of the estate, as far as he has assets.

AGREED STATEMENT.

This was an action of assumpsit, brought in the Superior Court, for Cumberland county, under R. S., c. 64, § 53, and c. 66, § 14, to recover for a burial casket, etc., and the personal services of the plaintiff, as an undertaker, rendered at the funeral of the defendant's testatrix.

(Declaration.) "Also, for that the estate of said Sarah M. Stetson and the said Samuel A. Holbrook, as executor thereof, at said Freeport, to wit, at said Portland on the day of the purchase of this writ, being indebted to the plaintiff in the sum of one hundred forty-nine dollars and sixty cents for so much money before that time had and received by the said estate and by the said Samuel A. Holbrook as executor as aforesaid, and with the knowledge and consent and at the special request of said executor, to the plaintiff's use, in consideration thereof then and there by force of statute in such case made and provided, the defendant in his said capacity and the estate of Sarah M. Stetson in his hands became liable to pay the same sum to the

plaintiff; and thereafterwards on the same day in consideration thereof the said estate being so liable and holden, the said defendant as executor thereof as aforesaid promised the plaintiff to pay him that sum on demand.

"And the plaintiff avers that said Samuel A. Holbrook is the duly appointed executor of the will of the said Sarah M. Stetson, deceased, and that within two years after notice given by said executor of his appointment and at least thirty days before this action was commenced, the said claim was presented in writing to said executor and payment thereof demanded, to wit, a claim for one casket and box furnished by said plaintiff for the necessary purpose of burial of Sarah M. Stetson, on April 23, 1892, of the value of one hundred and twenty-five dollars; also for one robe furnished as aforesaid and for the purpose aforesaid of the value of seven dollars and fifty cents; and also one wheat furnished as aforesaid and for the purpose aforesaid, of the value of three dollars and fifty cents; being all of the value of one hundred and thirty-six dollars.

" And the plaintiff further avers that such action was taken by the said Samuel A. Holbrook as executor as aforesaid in the premises, that two commissioners were duly appointed by the Judge of the Probate Court for said Cumberland county, by virtue of the statute, to hear and pass upon said claim, that said claim so committed was duly proved before them and that said commissioners after hearing, duly made their report in the premises to the Probate Court aforesaid, and that the said plaintiff being interested and being aggrieved at the decision of the said commissioners in the premises, duly filed his written notice of appeal from their decision in said Probate Court within twenty days after said report was made.

"And the plaintiff avers that this action is commenced within three months after said report was made and in accordance with the statute in such case made and provided, and that a schedule of his claim stating the nature of them was duly annexed to this writ before service.

" And the plaintiff avers that at least thirty days before commencement of this suit, and within two years after notice given

by said executor of his appointment, said claim was presented to said executor in writing and payment thereof demanded. "

The case is stated in the opinion.

*A. F. Moulton and John Howard Hill*, for plaintiff.

*A. W. Coombs and W. K. Neal*, for defendant.

Counsel argued : (1.) That the acts of the brother of the deceased and the plaintiff did not create a debt against the estate of Sarah M. Stetson. (2.) That plaintiff is not entitled to recover judgment in this suit against the goods and estate of the deceased, in the hands and possession of the defendant, as executor of her will. (3.) That the expenses of the funeral of deceased were not reasonable and proper. (4.) That plaintiff has a legal claim against the brother of said deceased for the agreed price of the articles furnished by his direction, and charged to the estate of Sarah M. Stetson. (5.) That the brother of deceased has a legal claim against this defendant personally, and not in his representative capacity, for the reasonable expenses of the burial of Sarah M. Stetson.

Counsel cited : *Davis* v. *French*, 20 Maine, 21 ; *Baker* v. *Fuller*, 69 Maine, 155 ; *Bank* v. *Stanton*, 116 Mass. 438 ; *Luscomb* v. *Ballard*, 5 Gray 404 ; *Patterson* v. *Patterson*, 59 N. Y. 585 ; Chit. Cont. p. 296 ; *Sullivan* v. *Warner*, 41 N. J. Eq. 300 ; 7 Am. and Eng. Enc. pp. 340-41 ; *Myer* v. *Cole*, 12 Johns. 349 ; Dicey, Parties, pp. 319, 320 ; Croswell, Exors. § 393 ; Waterman's Maine Prob. Pr. p. 117.

Sitting : Peters, C. J., Walton, Emery, Haskell, White-house, Wiswell, JJ.

Wiswell, J. This is an action of assumpsit, brought against the defendant in his capacity as executor of the will of Sarah M. Stetson, to recover for a casket and other articles furnished by the plaintiff, an undertaker, for the burial of the testatrix.

The articles were selected and ordered by a brother of the deceased, her nearest relative, and others, without the personal knowledge, consent or subsequent ratification of the defendant, the executor, who although he knew of her death and that he

was named as executor in her will, gave no directions and made no arrangements in regard to the funeral.

The only questions raised are, whether the estate of a deceased person is holden for the reasonable and proper burial expenses, neither ordered nor ratified by the subsequently appointed executor or administrator, so that a suit may be maintained against an executor in his representative capacity, to recover for such reasonable expenses ; and if so, how much of the expenses incurred and sought to be recovered in this case, are reasonable in view of all the circumstances.

It is urged by the counsel for the executor that, under these circumstances the law implies an individual promise upon the part of the executor to pay reasonable expenses, and that he is personally liable therefor, for which he may reimburse himself out of the estate ; but that the estate is not directly holden, and that this suit which is against the executor in his representative capacity, and in which if there is judgment for the plaintiff, it must be de bonis testatoris, cannot be maintained. They cite various authorities to this effect. But we think that it is the more reasonable rule to hold that the estate of a decedent should be liable for all such reasonable expenses as are properly incurred in providing a decent burial. When such expenses are incurred, necessarily after the death of a person, there is no one legally authorized to represent the estate. The services must be rendered and necessary articles furnished immediately ; it is better that these things should be done upon the credit of the estate, than that there should be hesitation and inquiry as to who is liable to pay.

Reliance is had upon the cases in this State of *Davis* v. *French*, 20 Maine, 21, and *Baker* v. *Fuller*, 69 Maine, 155, which cases hold that an executor or administrator can create no debt against the estate of the deceased. It is argued that if an executor or administrator can not create a debt against the estate, that certainly the brother of the deceased, who ordered the articles of the undertaker, could not do so. There is no question of the soundness of the doctrine laid down in these cases. But under the circumstances which we are considering, neither the executor

nor the person who orders necessary articles for the burial, creates the debt, the law does so. The law implies a promise, from the peculiar necessities of the situation, upon the part of the executor or administrator to pay the funeral and burial expenses out of the estate, so far as he has assets.

This is the rule which was early adopted in Massachusetts and has since been followed. *Hapgood* v. *Houghton*, 10 Pick. 154; *Luscomb* v. *Ballard*, 5 Gray, 403; *Sweeney* v. *Muldoon*, 139 Mass. 304.

In *Luscomb* v. *Ballard*, supra, it is said: "In this Commonwealth an exception is made in the case of funeral expenses of the deceased. For these the executor may be charged in his representative character and judgment be rendered de bonis testatoris. But the case stands on its peculiar ground and is to be limited to it." This court has decided, in the recent case of *Phillips* v. *Phillips*, 87 Maine, 324, that: "The law pledges the credit of the estate of the deceased for a decent burial immediately after the decease, and for such reasonable sums as may be necessary for that purpose, even though such expenses may have been incurred after the death and before the appointment of an administrator."

The sum sued for, at the market prices for the articles furnished, amounts to $136. Were these expenses reasonable? The following facts are admitted. The testatrix owned a house and about two and a half acres of land in Freeport village unencumbered. It was generally known that she had money at interest and she was considered to be in comfortable circumstances. Her nearest relatives were a brother and nephews and nieces, to neither of whom were there any bequests or devises in the will. These articles were selected by the brother and other relatives. The whole estate, when converted into money, amounted to $1061, and she was indebted to the amount of $78.

In view of all these circumstances we do not think that the burial expenses were so unreasonably large as to be disallowed.

> *Judgment for plaintiff for $136 and interest from the time of demand upon the executor against the goods and estate of the testatrix, in the hands of the defendant.*