IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2020 Session

**IN RE ESTATE OF JOHNNY BAXTER VAUGHN, JR.**

**Appeal from the Chancery Court for Maury County**
**No. P-110-17      Stella L. Hargrove, Chancellor**

**No. M2019-01611-COA-R3-CV**

In her proposed final accounting, the administrator of an intestate estate sought court approval for, *inter alia,* the decedent's funeral expenses and routine administrative expenses, including her attorney's fees. She also sought to recover the costs she incurred to repair and sell the decedent's house pursuant to an agreed order. The administrator is the decedent's widow, and the remaining heirs, who are the decedent's children from a prior marriage, opposed her request for reimbursement. The court denied her claims for post-death expenses finding "they were not timely filed because any request for reimbursement was required to be filed pursuant to Tenn. Code Ann. § 30-2-307." The court also denied the administrator's request to recover her attorney's fees upon the finding that the legal services did not benefit the estate. We affirm the denial of the administrator's request to recover her attorney's fees. However, we have determined that the other "claims" for reimbursement of post-death expenses are not subject to the limitation provisions in Tenn. Code Ann. § 30-2-307. This is because the statute pertains to debts and liabilities incurred by or on behalf of the decedent prior to his death. All of the expenses at issue were incurred after the decedent's death; therefore, we reverse the trial court's ruling that the administrator's post-death "claims" were time-barred pursuant to Tenn. Code Ann. § 30-2-307. Because the court has supervisory authority to determine the reasonableness and necessity of expenses incurred for the benefit of and in the administration of the decedent's estate, we remand with instructions for the trial court to determine whether each post-death expense was reasonable and necessary in light of all the relevant circumstances and to enter judgment accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in part; Reversed in part and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Lawrence D. Sands and Jacob J. Hubbell, Columbia, Tennessee, for the appellant, Cheryl Vaughan, Administrator of the Estate of Johnny Baxter Vaughn, Jr.

Lindsey L. Lawrence, Mt. Juliet, Tennessee, for the appellees, Carolyn Annette Yerger, Johnny Mark Vaughn, and Mark Irick, Administrator of the Estate of Susan Irick.

## OPINION

Johnny Baxter Vaughn, Jr. ("Decedent") died intestate on January 22, 2017, survived by his wife, Cheryl Vaughn, and his three adult children, Carolyn Annette Yerger, Susan Irick[1], and Mark Vaughn ("Decedent's children").

On April 12, 2017, Cheryl Vaughn ("Mrs. Vaughn") filed a petition to be appointed administrator of Decedent's estate. The court granted the petition and issued letters of administration, empowering Mrs. Vaughn "to enter into and take possession of all property rights and credits of the deceased and to administer the estate as required by law." Pursuant to the court's order, Mrs. Vaughn posted a surety bond of $10,000.

Decedent owned real property at the time of his death, but he left no liquid or personal assets to pay his funeral expenses or the costs of administering his probate estate. Therefore, in February 2018, Mrs. Vaughn filed a motion requesting permission to sell Decedent's improved real property located on Tinsley Lane in Columbia, Tennessee. Thereafter, Mrs. Vaughn and Decedent's children entered into an agreed order by which Mrs. Vaughn was authorized to list the property with a real estate agent. She was also authorized to renovate the home, specifically, to remove a deck and make cosmetic repairs, with the expenses Mrs. Vaughn incurred to be reimbursed from the net sales proceeds. In July 2018, the property sold for $135,000 with net proceeds of $104,947.65, which are on deposit with the Clerk's Office.

In October 2018, Mrs. Vaughn and Decedent's children filed their proposed division of the assets of Decedent's estate. Mrs. Vaughn also filed a petition to approve the accounting and distribution of assets. In her petition, Mrs. Vaughn requested that 40% of the estate be distributed to her after reimbursement of the expenses related to the administration of the estate, which consisted of the costs expended to renovate the home, Decedent's funeral expenses, the probate court filing fee, the bond executed upon receiving letters of administration, and attorney's fees. Mrs. Vaughn filed an amended petition on October 23, 2018, in which she requested that one-third of the estate be distributed to her instead of 40%. Neither petition was verified.

---

[1] Susan Irick died before the trial court entered its final order in this case. This court granted the motion of Decedent's children to substitute Mark Irick, Administrator of the Estate of Susan Irick, as a party.

Shortly thereafter, Decedent's children filed a Tenn. R. Civ. P. 12 motion to dismiss Mrs. Vaughn's petition on the basis that her claims were time-barred because she did not file them within 12 months from Decedent's date of death. Decedent's children relied on Tenn. Code Ann. § 30-2-307, arguing that, when "the personal representative has a claim against the estate in her capacity as an individual, she is required to file it with the clerk of the probate court in the same manner as all other creditors."

The court entered an order on November 26, 2018, denying the motion to dismiss upon a determination that Mrs. Vaughn was not a creditor within the meaning of § 30-2-307. Specifically, the court found:

> The Agreed Orders authorizing sale of the real property by Mrs. Vaughn expressly agreed she had the right to proceed with renovation of a deck and make cosmetic repairs. She had the right to be reimbursed from the proceeds of sale.
>
> Attached to the record are several copies of invoices, a funeral bill and other expenses purporting to be incurred by Mrs. Vaughn in administration of the estate.
>
> Mrs. Vaughn had a fiduciary duty to marshal all assets of the estate and to proceed with administration thereof.

The court set a hearing for Mrs. Vaughn to verify her expenses and for the court to rule on the division of assets.

Decedent's children filed a motion to alter or amend the order, and Mrs. Vaughn filed a response opposing the motion. The court entered an order on April 22, 2019, requesting additional briefing on the issue. After further consideration, the court entered an order on May 8, 2019, finding that Mrs. Vaughn was a creditor of the estate within the meaning of § 30-2-307 and was required to file a claim against the estate within 12 months of Decedent's death. Therefore, the court ruled that Mrs. Vaughn's claims for reimbursement were time-barred.

Mrs. Vaughn filed a motion to alter or amend the May 8 order. The court denied the motion and set a final hearing to determine the distribution of assets.

Prior to the final hearing, Mrs. Vaughn filed an amended accounting and proposed distribution of assets that, again, sought reimbursement for funeral expenses, administrative expenses, and expenses related to the sale of Decedent's real property. Decedent's children opposed the proposed distribution and filed a proposed distribution of assets that included a claim for their attorney's fees, which they incurred during the administration of the estate. They also argued that the court should deny Mrs. Vaughn's

request to be reimbursed from the estate for her expenses because the court already decided that issue.

When the case came on for a final hearing on July 17, 2019, Mrs. Vaughn's counsel was present, but Mrs. Vaughn was not. Counsel informed the court that Mrs. Vaughn was ill and unable to attend and made an oral motion for a continuance. The court afforded counsel two hours to present confirming documentation that Ms. Vaughn was unable to attend the hearing. Following the two-hour break, counsel informed the court that he was unable to obtain the requisite documentation. As a consequence, the court denied the motion for a continuance and proceeded with the hearing. The court valued Decedent's estate at $139,213.05 and adopted the proposal for division submitted by Decedent's children, distributing 33.3% of the estate to Mrs. Vaughn, which amounted to $46,404.35, and 22.2% of the estate to each of the children, amounting to $30,936.23. The court, once again, denied Mrs. Vaughn's request for reimbursement of her expenses, finding that all of her claims for reimbursement were time-barred under Tenn. Code Ann. § 30-2-307.

The court also denied Mrs. Vaughn's request for attorney's fees, finding that her representation did not confer a benefit on the estate. However, the court granted the request of Decedent's children for their attorney's fees and ordered that their attorney's fees be paid out of Mrs. Vaughn's portion of the estate. This appeal followed.

Mrs. Vaughn raises two issues:

1. Whether the trial court erred in ruling that she was not entitled to be reimbursed from the estate for Decedent's funeral bill and administrative expenses.

2. Whether the trial court erred in ruling that she was not entitled to be reimbursed for the expenses associated with maintaining, preserving, and repairing Decedent's real property.

**ANALYSIS**

I. FUNERAL AND ADMINISTRATIVE EXPENSES

In its Final Order entered on August 10, 2019, the trial court ruled that "Mrs. Vaughn's Requests for Reimbursement are hereby denied as they were not timely filed because any request for reimbursement was required to be filed pursuant to Tenn. Code Ann. § 30-2-307."

A. Funeral Expenses

"The law pledges the credit of the estate of the deceased for a decent burial immediately after the decease, and for such reasonable sums as may be necessary for that purpose, even though such expenses may have been incurred after the death, and before the appointment of an administrator." *Johnson v. Hailey*, 325 S.W.2d 255, 258 (Tenn. 1959) (quoting *Fogg v. Holbrook*, 33 A. 792, 794 (Me. 1895)).

> *Funeral expenses are an obligation created by law against the estate of a decedent*. They are not necessarily matters of contract though they may be; that is to say, the executor, if there be one, may make a contract, or the husband, if the deceased person has been a wife. Of course, under such circumstances the right depends upon the contract. In the first instance, the executor, in the exercise of his powers, contracts an expense incident to the estate; in the second place, the husband contracts a debt upon his own responsibility. However, *the dead must be buried*, and any friend, if the matter be not attended to by the family, executor, or administrator, even may authorize an undertaker to attend to the funeral, *and the estate of the decedent will be liable for a reasonable amount*."

*Nashville Trust Co. v. Carr*, 62 S.W. 204, 205–06 (Tenn. Ch. App. 1900) (citations omitted) (emphasis added).

Nevertheless, determining who is ultimately responsible for payment of a decedent's funeral expenses requires ascertaining, *inter alia*:

> (a) decedent's marital status at the time of his or her death, (b) whether the decedent died testate or intestate, (c) the provisions in the decedent's will for the payment of funeral expenses if the decedent died testate, (d) the solvency of the decedent's estate, (e) whether the funeral expenses were pre-paid or covered by insurance, (f) the reasonableness of the funeral expenses in light of the decedent's station in life, and (g) the authority of the person actually procuring the funeral services to bind the decedent's estate.

*Estate of Francis v. Francis*, No. M2000-01110-COA-R3-CV, 2001 WL 673699, at *5 (Tenn. Ct. App. June 18, 2001).

In *Johnson v. Hailey*, our Supreme Court relied on the reasoning in *Fogg v. Holbrook*, 33 A. 792, 794 (Me. 1895), where the two questions were (1) whether the estate of the decedent was responsible "for the reasonable and proper burial expenses, neither ordered nor ratified by the subsequently appointed executor or administrator," and, if so, (2) "how much of the expenses incurred, and sought to be recovered . . . , [were] reasonable, in view of all the circumstances." 325 S.W.2d at 257 (quoting *Fogg*, 33 A. at 793). Following its analysis, the *Fogg* court reached the following conclusion:

[W]e think that it is the more reasonable rule to hold that the estate of a decedent should be liable for all such reasonable expenses as are properly incurred in providing a decent burial. When such expenses are incurred, necessarily after the death of a person, there is no one legally authorized to represent the estate. The services must be rendered, and necessary articles furnished, immediately. It is better that these things should be done upon the credit of the estate, than that there should be hesitation and inquiry as to who is liable to pay.

*Id*. at 257–58 (quoting *Fogg*, 33 A. at 793).

In *Johnson*, the son of the decedent, who was the sole beneficiary and the personal representative of his father's estate, contended that his uncle should not be reimbursed for the cost of the funeral because his uncle was a mere "interloper" who had no legal authority to make the arrangements. *Id*. at 255–57. This argument was found to be without merit for several reasons:

The telegram from his uncle advised him as to the day and hour of the funeral. This necessarily put him on notice that arrangements as to a casket, etc., had been made. This was nearly 24 hours before the time he knew the funeral services were to be held. He could have contacted his uncle or someone else by phone within a matter of minutes and inquired as to what those arrangements were; and have changed them, if he had so desired. But he made no inquiry and accepted those services knowingly and without objection.

*Id*. at 258. Based upon the foregoing facts, the Court found "that this son, sole beneficiary of the estate, *is estopped from seeking, directly or indirectly, to avoid payment of this reasonable funeral expense*." *Id*. (emphasis added).

The Supreme Court's finding of estoppel in *Johnson* is significant because the facts of this case are substantially similar. Decedent's children knew of their father's death. They knew Mrs. Vaughn made the funeral arrangements, and they knowingly and willingly accepted those services for their father's benefit without objection until some two years later, when Mrs. Vaughn submitted her proposed final accounting. Moreover, Decedent's children made no effort to assist in paying the funeral expenses, knowing all the while that their father's estate had no funds to pay the funeral expenses, and it would have no funds unless and until his real estate was sold.

Here, as was the case in *Johnson*, Mrs. Vaughn arranged and paid for Decedent's funeral after his death but prior to her appointment as the administrator of the estate. While acting in her capacity as the administrator of the estate, Mrs. Vaughn had the authority and

discretion to make or to ratify previously-made arrangements, provided the services and expenses were reasonable in light of Decedent's station in life and subject to the approval of the probate court.[2] *See Johnson*, 325 S.W.2d at 257 (citing *Fogg*, 33 A. at 793); *see also Gooch v. Beasley*, 193 S.W. 132, 133 (Tenn. 1917) ("It is within [the personal representative's] discretion to determine whether there should be a vault, a simple grave with the customary mound of earth, or a grave covered or adorned by a monument. The latter is a part of the general expense of burial, though, as stated, not an essential part."). As our Supreme Court reasoned in *Gooch v. Beasley*,

> [t]he absence of any direction in the will of the deceased, on the subject, does not impair the executor's right to make the expenditure, if the amount be reasonable. *A discretion in respect of the matter, speaking generally, is vested in the personal representative (Cannon v. Apperson, supra), subject, of course, to a future accounting, and to the approval of the court when his vouchers are offered for credit.*
>
> .    .    .
>
> We all know that these matters as to interment are almost always committed to the sole care of the immediate family of the deceased, as indeed they must generally be, because *the interment most usually takes place before it can be known whether the executor nominated by the testator will be accepted and qualified by the probate court, or who will be appointed administrator; the only check on extravagance being that the executor or administrator subsequently qualified cannot pay the bill unless it be a reasonable one, or can pay only so much of it as is reasonable under all the circumstances*.

193 S.W. at 133 (emphasis added) (citation omitted).

A decedent's reasonable funeral expense is statutorily classified as the second-highest priority of claims and demands that are to be paid with estate funds. Tenn. Code Ann. § 30-2-317(a)(2). Had funds been available, Mrs. Vaughn could have paid the funeral expenses with estate funds subject to court approval of the reasonableness of the funeral expenses. Instead, and due to the fact that the estate had no funds to pay any expenses until the real estate was sold more than a year after his death, Mrs. Vaughn elected to account for and request reimbursement of the funeral expenses in her final accounting.

Moreover, the claims statute upon which the trial court relied in denying all of Mrs. Vaughn's claims as time-barred only applies to claims "arising from *a debt of the*

---

[2] The court's reasoning in *Johnson* implies that once Letters of Administration are issued, the Administrator of a decedent's estate may ratify and pay the contract for Decedent's funeral expenses subject, of course, to the probate court's ultimate determination as to the reasonableness and necessity for the expense. *See Johnson*, 325 S.W.2d at 257 (citing *Fogg*, 33 A. at 793).

*decedent*." Tenn. Code. Ann. § 30-2-307(a)(1) (emphasis added) ("All claims against the estate arising from a *debt of the decedent* shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(b)." (emphasis added)). The expenses being sought by Mrs. Vaughn were not the debts of Decedent. And, as previously stated, funeral expenses are a priority demand against the estate pursuant to Tenn. Code Ann. § 30-2-317(a).

For the foregoing reasons, we remand this issue to the trial court to determine what amount of funeral expenses incurred by Mrs. Vaughn was reasonable and necessary in light of the circumstances and to order that the estate reimburse Mrs. Vaughn in that amount.[3]

### B. Administrative Expenses and Attorney's Fees

The trial court denied any reimbursement for the probate court filing fee, the cost of the administrator's bond, and Mrs. Vaughn's attorney's fees because Mrs. Vaughn did not file a claim against the estate in accordance with § 30-2-307. Mrs. Vaughn contends that she is entitled to reimbursement from the estate for reasonable and necessary expenses she incurred for the benefit of the estate without filing a formal claim because she incurred them after Decedent's death. We agree.

Personal representatives "are entitled to reasonable compensation for their services, Tenn. Code Ann. § 30-2-606[4] and to payment from the estate for reasonable expenses incurred in good faith for the exclusive and necessary benefit of the estate." *In re Estate of Wallace*, 829 S.W.2d 696, 700–01 (Tenn. Ct. App. 1992) (citing 2 H. Phillips & J. Robinson, *Pritchard on Wills and Administration of Estates* § 843 (4th ed. 1984)). Moreover, and significant to the trial court's ruling that Mrs. Vaughn's requests for reimbursement were time-barred, "[c]*laims for services to the estate, for which the administrator contracts after death of the deceased, are in a separate class from claims arising during the lifetime of deceased*." *W. Sur. Co. v. Wilson*, 484 S.W.2d 45, 48 (Tenn. Ct. App. 1972) (emphasis added).

As we explained in *Western Surety Company v. Wilson*,

---

[3] While the trial court did not make a finding in its order regarding the reasonableness of the funeral bill, it stated during arguments that the funeral bill was "pretty typical" and "not high."

[4] Tennessee Code Annotated § 30-2-606 provides:

> The clerk shall charge every accounting party with all sums of money the accounting party has received, or might have received by using due and reasonable diligence, and shall credit the accounting party with a reasonable compensation for services, and with disbursements supported by lawful vouchers.

[t]he law places upon the administrator the onus of procuring necessary services on his own credit and of protecting himself from loss by seeing that such services can be and are paid for out of the assets of the estate and that he is allowed credit therefor in his settlement. In short, the administrator has a personal obligation for services rendered to him as administrator, but he is permitted to discharge his personal obligation by making payment out of the assets of the estate.

*Id*.

*Western Surety* involved a suit by an insurance company for bond premiums due from the administrator of an estate. *Id*. at 45. After finding that the administrator was "liable, personally, for payment of [the insurance company's] claim," we held that the administrator was "unquestionably . . . entitled to reimbursement from the estate for necessary expenditures made by him, personally, in the administration of the estate," *id*. at 49, the only question being the reasonableness and necessity of the expense, *see In re Estate of Wallace*, 829 S.W.2d at 701 ("Fees and expenses to be charged against an estate must be reasonable, necessary, and proper." (citing *In re Estate of Cuneo*, 475 S.W.2d 672, 676 (Tenn. Ct. App. 1971))).

After the real estate in this case was sold pursuant to an agreed order, which provided the requisite funds to pay the expenses incurred by Mrs. Vaughn as the estate's administrator, she properly submitted a proposed final accounting in which she identified the administrative expenses for which she sought reimbursement from the estate. As explained in *State ex rel. Dahlberg v. American Surety Company*, 121 S.W.2d 546, 547 (Tenn. 1938),

[a]dministrators in discharge of their duty may do many things for which the estate would be ultimately liable, but that liability can be based as a charge against the estate only by presentation of accounts on behalf of the administrator in which he seeks and obtains credit for claims created by him against the estate in discharge of his duties.

As the foregoing authorities reveal, Mrs. Vaughn was not required to file "a claim" pursuant to Tenn. Code. Ann. § 30-2-307 in the manner required of creditors who seek to recover from a decedent's estate a debt or obligation that was incurred by or on behalf of a decedent prior to his or her death. On the contrary, by making a "presentation of accounts" to the court, Mrs. Vaughn timely made a proper claim to be reimbursed by the estate for the expenses she incurred in the discharge of her duties as the administrator.

To be clear, and as Mrs. Vaughn notes in her brief, by failing to file a claim as a creditor of the estate, Mrs. Vaughn did not prejudice Decedent's children by circumventing their opportunity to contest her request for reimbursement. This is because Mrs. Vaughn

notified them of her request for reimbursement when she filed her proposed final accounting and proposed distribution, and this protocol afforded the children the opportunity to be heard and oppose the claimed expenses and proposed distribution, which they did.

For the foregoing reasons, we find the trial court erred in denying Mrs. Vaughn's request for reimbursement of her post-mortem expenses as time-barred under Tenn. Code Ann. § 30-2-307. We note, however, that the trial court denied Mrs. Vaughn her attorney's fees on a different ground, finding that the services did not benefit the estate, not as time-barred. Therefore, we shall discuss this request for reimbursement separately.

The personal representative of an estate has the authority to retain counsel to assist in administering an estate. *In re Estate of Wallace,* 829 S.W.2d at 703. Upon retention of counsel, the personal representative is personally liable for the fees until the court determines that the services were required and the fee was reasonable. *Id*. In *In re Estate of Wallace*, we explained that the reasonableness of fees and expenses must be determined in light of all relevant circumstances:

> Fees and expenses to be charged against an estate must be reasonable, necessary, and proper. *In re Estate of Cuneo*, [475 S.W.2d at 676]. Tenn. Code Ann. § 30-2-606 does not prescribe an inflexible rule for determining reasonableness. This determination must be made in light of all the relevant circumstances, including the extent of the executor's responsibilities, the nature of the services rendered, the promptness and adequacy of the services, and the value of the benefits conferred. *Carmack v. Fidelity–Bankers Trust Co.*, 180 Tenn. 571, 581, 177 S.W.2d 351, 355 (1944); *Loftis v. Loftis,* 94 Tenn. 232, 241, 28 S.W. 1091, 1093 (1895); *Matlock v.* Rice, 53 Tenn. (6 Heisk.) 33, 38 (1871); Pritchard § 841, at 449.

> Trial courts have the discretion, in the first instance, to determine whether the requested fees and expenses are reasonable. *Young v. Phillips*, 170 Tenn. 169, 172, 93 S.W.2d 634, 635 (1936); *Estate of Griffith v. Griffith*, 61 Tenn. App. at 86–87, 452 S.W.2d at 902. We will not alter the trial court's decision unless we find that the award exceeds reasonable limits. *Ex parte Parker*, 3 Tenn. Cas. (Shannon) 262, 263 (1881).

*Id*. at 701.

The record before us contains no evidence relevant to determining whether the attorney's services benefited the estate or not. As a general matter, we will presume that the evidence presented at trial supports the trial court's decision when no transcript or statement of the evidence is filed. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn.

Ct. App. 1988) (citations omitted). Thus, we affirm the denial of the administrator's claim to recover her attorney's fees upon a finding that the legal services did not benefit the estate.

As for the other post-mortem expenses for which Mrs. Vaughn seeks reimbursement, we reverse the denial of these claims and remand with instructions for the trial court to determine whether the expenses, including but not limited to the probate court filing fee of $406.50, the bond fee of $100.00, and other court costs and fees were reasonable and necessary and, if so, to order that she be reimbursed the reasonable amounts by the estate.

## II. REAL ESTATE EXPENSES

Mrs. Vaughn contends the trial court erred when it ruled that she was not entitled to be reimbursed from the estate for monies spent on Decedent's real property. She contends she is entitled to reimbursement of these expenses because they were incurred pursuant to an agreed order authorizing her to make renovations and repairs and be "reimbursed as an expense of the sale."

It appears the trial court denied reimbursement of these expenses on the same ground as the others—because Mrs. Vaughn did not file a claim against the estate. For the reasons stated above, Mrs. Vaughn was not required to file a claim in the same manner as creditors of the estate because these expenses were incurred following Decedent's death. Therefore, we find that the trial court erred in denying Mrs. Vaughn's claim for reimbursement of the expenses to make renovations and repairs to the real estate on the ground that it was time-barred.

The agreed order stated, in pertinent part: "It is further agreed the property needs renovation and cosmetic repair such that Cheryl Vaughn is authorized to proceed with the renovation (removal of a deck), and cosmetic repairs with the expenses being reimbursed as an expense of the sale." Thus, we remand this claim to the trial court with instructions to determine which services and expenses were incurred pursuant to the court order and to order the estate to reimburse Mrs. Vaughn the amount she reasonably and necessarily incurred while acting in furtherance of the court order.

## IN CONCLUSION

The judgment of the trial court is affirmed in part, reversed in part, and remanded. Costs of appeal are assessed against the appellees, Carolyn Annette Yerger, Johnny Mark Vaughn, and Mark Irick, Administrator of the Estate of Susan Irick, jointly and severally.

_____
FRANK G. CLEMENT JR., P.J., M.S.